UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Express Scripts, Inc. ("Plaintiff" or "ESI"), and for its Complaint against Defendant Intel Corporation ("Defendant" or "Intel"), respectfully states as follows:

### Nature of Action

1. This is an action for declaratory judgment seeking, among other relief, a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that: (i) ESI has not infringed upon any valid and enforceable trademark or service mark of Intel; (ii) ESI has not diluted any valid and enforceable trademark or service mark of Intel; and (iii) ESI has not committed any acts of unfair competition.

### The Parties

2. Plaintiff ESI is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at One Express Way, St. Louis, Missouri, 63121, United States.

3. Defendant Intel Corporation is a corporation organized and existing under the laws of the State of Delaware and, upon information and belief, has a principal place of business at 2200 Mission College Boulevard, Santa Clara, CA, 95054, United States.

### Jurisdiction and Venue

4. This action arises under the Trademark Laws of the United States (15 U.S.C. § 1051, *et seq.*), state unfair competition law, and the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, and under the Declaratory Judgment Act, for the purpose of granting the declaratory relief sought herein.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because: (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or (ii) Intel does business, may be found, and is subject to personal jurisdiction, in this judicial district.

### Facts Common to All Counts

7. Founded in 1986, ESI is one of the largest pharmacy benefit management companies in North America. ESI provides pharmacy benefit management related services including, but not limited to, pharmacy benefit management and consultation services, pharmaceutical advice services, provision of pharmaceutical and medical information, and other related services, under and in connection with ESI's valuable and famous service marks.

8. ESI is the owner of all right, title and interest in, to, and under the mark INTELLACT$^{SM}$ for a variety of services including, but not limited to, pharmaceutical advice services, provision of pharmaceutical and medical information, pharmacy benefit management and consultation services, and other related services, and owns U.S. Trademark Application Serial No. 77/649,295 for the mark INTELLACT$^{SM}$ for "consulting services regarding healthcare costs and options to improve patients' health; pharmacy services, namely, providing pharmaceutical benefit optimization guidance and advice; retail pharmacy services," for "pharmacy benefit management clinical program to review and analyze lab data, medical data and pharmacy claims;

2

pharmaceutical benefit management services," and for "consulting and advice services regarding pharmaceuticals, prescription drugs, medications, healthcare benefits, general health and wellness; pharmacy services, namely, providing pharmaceutical information and alternatives to existing or prescribed medications; provision of pharmaceutical, medication, drug, and healthcare information via telephone, websites on global and other computer networks, and direct mailings; medical counseling in the nature of drug therapy counseling and disease management counseling" (collectively the "INTELLACT$^{SM}$ Marks").

9. Since at least as early as February 2009, ESI has utilized the INTELLACT$^{SM}$ Marks on and in connection with the provision of some or all the above-identified services.

10. ESI has expended, and continues to expend, a substantial amount of resources, money, time and effort promoting, marketing, advertising and building consumer recognition and goodwill in its extremely valuable services under and in connection with its highly recognized service marks, including its INTELLACT$^{SM}$ Marks.

11. The INTELLACT$^{SM}$ Marks have been used, and continue to be used, by ESI among the relevant purchasing public and consumers, to identify the source of origin of ESI's high quality services and, further, to distinguish such high-quality services from those products and services offered by its competitors and others.

12. Defendant Intel is in the semiconductor chip business and describes itself as "the world's largest semiconductor chip maker" that develops "integrated digital technology products, primarily integrated circuits, for industries such as computing and communications," and is striving to "be the preeminent provider of semiconductor chips and platforms for the worldwide digital community." On information and belief, Defendant Intel owns a number of United States trademark registrations relating to its use of "Intel" on and in connection with its goods.

3

13. On or about May 1, 2009, ESI received the correspondence attached hereto as *Exhibit A* from one of Intel's in-house attorneys. In the correspondence, Intel expressly asserted that ESI's use of INTELLACT$^{SM}$ infringes and dilutes Intel's "trademark rights and violate's Intel's rights under the laws of trademark dilution and unfair competition law." Additionally, Intel demanded that ESI abandon its U.S. application to register INTELLACT$^{SM}$ for its pharmacy benefits management related services.

14. INTELLACT is a unique, fanciful, coined, term created by ESI to be used on and in connection with its pharmacy benefit management related services.

15. Through its allegations, Defendant Intel has taken the position that it owns all right, title, and interest, in and to any and all marks that contain the root of the word "Intelligent" as a component or portion thereof, regardless of the formation of the term or word and the goods or services associated with such use.

16. The U.S. Patent and Trademark Office has reviewed and issued over one-hundred trademark and service mark applications for registration that employ the component "Intel" as a portion thereof for goods and/or services in the health care industry notwithstanding Defendant Intel's prior registrations and applications for marks containing the term "Intel" as a component thereof.

17. Defendant Intel does not own the exclusive right to use and employ the term "Intel" as a component of any and all marks for any and all goods or services.

18. By way of example, the U.S. Patent and Trademark Office has examined applications and issued registrations for the following representative marks (among innumerable others) in the health care industry notwithstanding Defendant Intel's registrations and applications for "Intel" specified goods or services:

- INTELICARE, U.S. Reg. No. 3,466,715

4

- INTELLICARE, U.S. Reg. Nos. 2,767,798; 2,702,128; 2,311,653
- INTELIGRID, U.S. Reg. No. 3,489,912
- INTELISTAF HEALTHCARE, U.S. Reg. Nos. 3,365,373; 2,498,122
- INTELISOURCE, U.S. Reg. No. 2,929,846
- INTELICHART, U.S. Reg. No. 3,472,992
- INTELLIMAX, U.S. Reg. No. 3,264,124
- INTELERAD, U.S. Reg. No. 3,246,876
- INTELLYST, U.S. Reg. No. 2,966,951
- INTELLIRX, U.S. Reg. No. 2,688,865
- INTELLIPHARM, U.S. Reg. No. 2,489,036
- INTELLISCAN, U.S. Reg. No. 2,564,679
- INTELLISURG, U.S. Reg. Nos. 3,495,307; 3,504,293
- INTELLIJET, U.S. Reg. No. 3,593,857
- INTELLISIGHT, U.S. Reg. No. 3,603,479
- INTELLIBRIDGE, U.S. Reg. No. 3,602,621
- INTELICHART, U.S. Reg. No. 3,472,992
- INTELLIPREV, U.S. Reg. No. 3,315,322
- INTELLIPAP, U.S. Reg. No. 3,468,567
- INTELLIQLICK, U.S. Reg. No. 3,329,654
- INTELLITRIAL, U.S. Reg. No. 3,206,811
- INTELLITOPICS, U.S. Reg. No. 3,041,303
- INTELIDATA, U.S. Reg. No. 3,013,281
- INTELIGRATION, U.S. Reg. No. 3,044,768
- INTELLIDOT, U.S. Reg. No. 3,410,260
- INTELLAMED, U.S. Reg. No. 2,831,585

- INTELECENTER, U.S. Reg. No. 2,835,948
- INTELLIVUE, U.S. Reg. No. 2,960,135

## COUNT I

### Declaratory Relief

19. ESI realleges and incorporates each and every allegation set forth in paragraphs 1 through 18 of the Complaint as if fully set forth and restated herein.

20. Intel has expressly accused ESI's use of INTELLACT$^{SM}$ on and in connection with its pharmacy benefit management related services of infringing Intel's alleged trademark rights and of constituting trademark dilution and unfair competition.

21. There is no likelihood of confusion between ESI's use of INTELLACT$^{SM}$ on or in connection with its pharmacy benefit management related services and Defendant Intel's alleged ownership and use of "Intel" including, but not limited to, on and in connection with Intel's semiconductor chip business.

22. There is no likelihood that any relevant consumers would be confused, mistaken or deceived into believing that ESI is affiliated, connected or otherwise associated with Intel, or that Intel is sponsoring or has otherwise approved of ESI's pharmacy benefit management services as a result of ESI's use of the mark INTELLACT$^{SM}$.

23. ESI's use of INTELLACT$^{SM}$ on and in connection with ESI's pharmacy benefit management related services has not and will not result in the dilution of Defendant's Intel's use of "Intel" on and in connection with Intel's business including, but not limited to, its semiconductor chip business.

24. There now exists between ESI and Intel an actual, substantial, and continuing justiciable controversy with respect to:

(a)     Intel's allegations and threats that ESI's use of INTELLACT[SM] infringes upon Intel's alleged trademark rights in or to "Intel";

(b)     Intel's allegations that ESI has diluted the distinctive quality of Intel's alleged trademark rights in or to "Intel"; and

(c)     Intel's allegations that ESI has somehow committed acts of unfair competition.

25.     ESI is entitled to a declaratory judgment that ESI's advertising, marketing, offer for sale, sale, and provision of pharmacy benefit management related services under the mark and designation INTELLACT[SM] does not: (i) infringe Defendant Intel's alleged rights in "Intel"; (ii) dilute Defendant Intel's alleged trademark rights in the designation "Intel"; and (iii) constitute unfair competition (under the Federal Trademark Act or the common law of the State of Missouri).

26.     ESI is entitled to a declaratory judgment that there is no likelihood of confusion between ESI's use of INTELLACT[SM] on or in connection with its pharmacy benefit management related services and Defendant's use of "Intel" on or in connection with its business.

27.     ESI is entitled to a declaratory judgment that there is no likelihood that any relevant consumers would be confused, mistaken or deceived into believing that ESI is affiliated, connected or otherwise associated with Intel, or that Intel is sponsoring or has otherwise approved of ESI's pharmacy benefit management related services.

28.     ESI is entitled to a declaratory judgment that ESI's use of INTELLACT[SM] on or in connection with its pharmacy benefit management related services will not result in the unlawful dilution of Intel's alleged trademark rights in or to "Intel."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Express Scripts, Inc., respectfully requests that the Court enter judgment:

A. Declaring that ESI's use of INTELLACT$^{SM}$ on or in connection with its pharmacy benefit management related services does not violate any of Defendant Intel's alleged rights in or to "INTEL";

B. Declaring that ESI's advertising, marketing, offer for sale, sale, and provision of pharmacy benefit management related services under or in connection with the designation INTELLACT$^{SM}$ does not constitute infringement or dilution of any of Defendant Intel's alleged trademark rights in or to "Intel," and, further, does not constitute unfair competition under the Federal Trademark Act or the common law of the State of Missouri;

C. Declaring that there is no likelihood of confusion between ESI's use of INTELLACT$^{SM}$ on or in connection with its pharmacy benefit management related services and Defendant's use of Intel as a designation for in connection with its business including, but not limited to, its semiconductor chip business;

D. Declaring that there is no likelihood that any relevant consumers would be confused, mistaken or deceived into believing that ESI is affiliated, connected or otherwise associated with Intel, or that Intel is sponsoring or has otherwise approved of ESI's pharmacy benefit management related services;

E. Declaring that ESI's use of INTELLACT$^{SM}$ on or in connection with its pharmacy benefit management related services will not dilute the alleged distinctive quality of Intel's alleged trademark rights in or to "Intel";

F. Ordering Intel to compensate ESI for ESI's costs and attorneys' fees incurred in connection with this action; and

G.  Granting ESI such other and further relief as the Court finds just and proper under the circumstances.

Respectfully submitted,

**BRYAN CAVE LLP**

By: _____

David A. Roodman #5116
daroodman@BryanCave.com
Ameer Gado #109918
aagado@BryanCave.com
Wilhemina J. Tyler #1156683
wilhemina.tyler@BryancCave.com
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

**ATTORNEYS FOR PLAINTIFF
EXPRESS SCRIPTS, INC.**